PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 12/2023)

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE __Western__ DISTRICT OF TEXAS
__San Antonio__ DIVISION

JUL 15 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____
DEPUTY CLERK

__Sergio Jones #2334033__
Plaintiff's Name and ID Number

__Wainwright Unit__
Place of Confinement

CASE NO. __SA25CA0843 FB__
(Clerk will assign the number)

v.

__Bexar County__
Defendant's Name and Address

__SAPD officer, Jim Acuna__
Defendant's Name and Address

__SAPD officer, J.A. Quintanilla__
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

NOTICE:

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

## FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of $405.00.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "NOTICE TO THE COURT OF CHANGE OF ADDRESS" and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

   B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

   1. Approximate date of filing lawsuit: Sept. 16, 2013
   2. Parties to previous lawsuit:
      Plaintiff(s) Sergio Jones
      Defendant(s) SAPD Officers, Jim Acuna and J.A. Quintanilla
   3. Court: (If federal, name the district; if state, name the county.) Western Dist. Court
   4. Cause number: Civil No. SA-13-CV-851-PM
   5. Name of judge to whom case was assigned: Pamela A. Mathy, U.S. Magistrate Judge
   6. Disposition: (Was the case dismissed, appealed, still pending?) dismissed
   7. Approximate date of disposition: March 4, 2015

II. PLACE OF PRESENT CONFINEMENT: Wainwright Unit

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   __YES __NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Sergio Jones is confined at the Wainwright Unit 2665 Jovion Molley Blvd. Lovelady, Texas 75851

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Bexar County, where the incident occurred

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
as a Deliberate indifference and excessive uses of Force

Defendant #2: Jim Acuna, was the SAPD Officer, Badge # A020574

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
deliberate indifference and excessive uses of Force

Defendant #3: J.A. Quintanilla was the SAPD Officer, Badge # A010735

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
deliberate indifference and excessive uses of Force

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

I was assaulted by two SAPD officer's who't struked, kneed, kicked, punched in the head and face, where I suffered multiple facial fractures, due to the officer's excessive uses of force when I gave no reason for their conduct.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

the Grant monetary damages in the sum of $40,000,000.00 for the injury I suffered

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
Sergio Jones

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
#2324033

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ✓ YES ___ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): Western Dist.
2. Case number: No. SA-13-CV-851-PM
3. Approximate date sanctions were imposed: March 19, 2015
4. Have the sanctions been lifted or otherwise satisfied? ___ YES ✓ NO

4

  C. Has any court ever warned or notified you that sanctions could be imposed?    ____ YES ✓ NO

  D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date warning was issued: _____

Executed on: 7/8/2025
   DATE

                 _____
                  (Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ____8____ day of ____July____, 20 _25_ .
     (Day)     (month)    (year)

                 _____
                 (Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15

In The United States District Court
for the Western District of Texas
San Antonio Division

---

Sergio Jones
Plaintiff.

v.

Bexar County
Jim Acuna
J.A. Quintanilla
Defendant(s)

Civil Action No.

Plaintiff's Complaint

SA25CA0843 FB

"Jury Trial Demand"

---

To The Honorable Court said:
  Plaintiff, Sergio Jones, respectfully now comes, before this Court and complains of all Defendants mention herein the above following:

## Nature of the Case

  This civil rights action filed by Plaintiff, Sergio Jones in pro-Se, pursuant a complaint where (i) excessive use of force by two officer's, striking, kneeing, and punching Plaintiff in the head and face, also kicking Plaintiff multiple time in the face, where Plaintiff Jones, suffered multiple facial fracture by officer's Acuna and Quintanilla of negligent acts and omissions that violated Jones's 5th, 6th and 14th Amendment of the United States Constitution, under color of law. (see Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 754 (5th Cir. 2001) (see) McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1999) (also see) Gobert v. Caldwell, 463 F.3d 339, 351 (5th Cir. 2006).

In The United States District Court
for the Western District of Texas
San Antonio Division

Sergio Jones
　　Plaintiff.

v.

Bexar County
Jim Acuna
J.A. Quintanilla
　　Defendant(s)

Civil Action No. _____

Plaintiff's Original Complaint

"Jury Trial Demand"

1). Plaintiff Jones respectfully Now Comes before this Court and complain of all Defendant(s), as mention in the above style has participated in violating Plaintiff Jones, due to his plausible claim of excessive uses of force by officers of the SAPD, identity as Acuna and Quintanilla and the failure to provide Due Process (see Brakvis v. Dean, 129 F.4th 299 at HN12 (5th Cir 2025)(U.S. App. Lexis 4373)

2). This Court is required to review a prisoner complaint and in forma pauperis Application, seeking relief against a government entity or an officer or employee of a government entity to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e) and § 1915(A)..

(1)

3). This Court must dismiss a complaint or any portion of it that states, a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. under 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915(b), - where any order of a federal District Court denying a motion for leave to process in forma pauperis is appealable to the Court of Appeals, under 28 U.S.C. § 1291; (See Roberts v. United States Dist. Court, 339 U.S. at p. 845; (also see) Brinar v. Williamson, 245 F.3d. 515, 517 (5th Cir. 2001)(see provision of 28 U.S.C. § 1915; Baugh v. Taylor, 117 F.3d. 197 (5th Cir. 1997)(also see) In re Prison Litig. Reform Act., 105 F.3d. 1131, 1133 (6th Cir. 1997)

## Jurisdiction

4). This civil Action is authorized by 42 U.S.C. § 1983 - Civil action for deprivation of Rights; 42 U.S.C. § 1985 - Conspiracy to interfere with civil Rights; 42 U.S.C. § 1986 - Action for Neglect to prevent. . . This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343. Plaintiff Jones seeks declaratory relief pursuant to 28 U.S.C. § 2201 and § 2203. Plaintiff's claim for injunction relief are authorized by 28 U.S.C. § 2283 and § 2284 and Rule 65 of the Federal Rule of Civil Procedure. Plaintiff Jones invoke the Court's supplement jurisdiction pursuant to 28 U.S.C. § 1367(a) to consider the state law claims.

(2).

## Venue

5). The Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1391(c), as the events or omissions giving rise to the claim occurred in this judicial District. And There can be no sanction or penalty imposed upon "one" because of his exercise of Constitution Rights. (See Sherar v. Cullen, 481 F.2d. 946 (9th Cir. 1973)(Elliott v. American Mfg Co., 138 F.2d. 678 (5th Cir. 1943). The right to file a lawsuit pro-se is one of the most important Rights under the Constitution and law. (Elmore v. McCammon 1986, 640 F.Supp. 905.

6). In this Complaint, Plaintiff Jones, must contain a short and plain statement of the claim showing what his pleading entitled him to relief (see Ashcroft v. Iqbal 556 U.S. at 678, as the Court held in Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d. 929 (HN10)(LEd. HN10). Standard Rule 8.. where a plaintiff Complaint must sufficient, factual matters, accepted as true to state a claim to relief that is plausible on its face. id. at 570, 127 S.Ct. 1955, 167 L.Ed. 2d. 929 (citing) Papasan v. Allain, 478 U.S. 265, 286 106 S.Ct. 2932, 92 L.Ed. 209 (1986).

7). Plaintiff Jones, pleads facts that are merely consistent with a defendant(s) liability it stop short of the line between "possibility" and "plausibility" of entitlement to relief, id. at 557 127 S.Ct. 1955, 167 L.Ed.2d. 929 (bracket omitted)

(3).

8). Plaintiff Jones, pleads a plausible Claim of "Excessive uses of Force, Collectively from Officer's Jim Acuna and J.A. Quintanilla, what were government official defendant(s) through official own individual action violating the Constitution and law. (see Tangreti v. Bachmann, 983 F.3d. 609, 618 (2nd Cir. 2020) (quoting) Ashcroft. v. Iqbal 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed. 2d. 868 (2009) - what process satisfies the Due Process Clause the Supreme Court has distinguished between (A) claim based on established State procedural and (B) claim based on Random, unauthorized Act by state employee's. Rivera-Powell v. New York City Bd. of Election, 470 F. 3d. 458 (2nd Cir. 2006)

9). Plaintiff Jones, §1983; §1985; §1986 Complaint is govern by Monell, where the Supreme Court held that (UNI) municipalities and other local government unit could be sued as "person" under section 1983, when the action that is alleged to be unconstitutional implements or executes a policy statement ordinance, regulation or decision officially adopted and promulgated by the body's officers. (see Monell supra, 436 U.S. at 690, 98 S.Ct. 2036, 2038 (quoting) Owen v. Independence 589 F. 2d. 335, 337, 338)(see footnote 1) - also where officers of the Court have no immunity from liability when violating constitutional right, because what rights of action created by statute relating to deprivation under color of law, of the United States and some claims which are based solely on statutory violation of federal law and applied to the claim, that claimant had been deprived of their Rights in some capacity to which they were entitled. Owen v. Independence, 100 Vol. Supreme Court Report 1398: (1982); Main v. Thiboute 100 Vol. Supreme Court Report 2502: (1982).

(4).

<u>In the Instant Case</u>:

On 4May 22, 2013, Plaintiff Jones was subjected to a traffic stop. Jones was searched and handcuffed. He attempted to evade arrest by running, but he was subdued by Officer Jim Acuna and J.A. Quintanilla of the San Antonio Police Dept,. Jones was not aggressive but (Both) Officers assaulted Jones with strikes, knees and punches to the Head and face, Officer Quintanilla kicked Jones multiple time in the face. Jones suffered multiple facial fractures (see Jones v. Acuna, 2015 U.S. Dist. Lexis 26712) (Also Docket No. 5 at 1) and (footnote 25, 26). for facts...

Plaintiff Jones, asserts, to disregard the Constitution law and to violate the same creates a sure liability upon the one involved, state officer may be held personally liable for damages based upon actions taken in their official capacity. Hafer v. Melo, 502 U.S. 21 (1991).

Prayer for Relief

Wherefore, I, Sergio Jones, pro-se, prays this Court is adamantly opposed to all misconduct and illegal act and will remain firm in promoting constitutional law that condemns all unlawful acts committed by state, and private actors that violates the constitutional and civil right and Grant the damage relief requested.

Respectfully Submitted

_[signature]_
Plaintiff / pro-Se.

(5).

## Certificate of Service

I, Sergio Jones, certify that a true and correct copy of the foregoing has been post mail on the 8 day of July 20 25

Sincerely

*[signature]*
Pro-Se.

(6).